IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**DANIEL JOSEPH PARRISH,**

      **Plaintiff,**

  vs.                           CIVIL ACTION
                                No. 11-3054-SAC

**LARNED STATE HOSPITAL, et al.,**

      **Defendants.**

**MEMORANDUM AND ORDER**

Plaintiff, a prisoner in state custody, brings a civil rights complaint under 42 U.S.C. § 1983 in which he complains that the defendants, a state mental hospital and its accounting office, have obstructed legal process by delaying or refusing to issue a check for typewriter ribbons. It appears plaintiff has been advised to purchase the ribbons from another source.

The Prison Litigation Reform Act substantially altered the manner in which indigent prisoners may proceed in the United States District Courts. Significant to the present case, §1915(g) provides that:

> "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of

the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

Court records in the District of Kansas reflect that plaintiff has filed more than thirty cases in this court, and that at least three of those cases were dismissed for failure to state a claim for relief.[1]

The court has examined the present complaint and finds no basis to conclude that plaintiff should be allowed to proceed in this matter without the prepayment of the full filing fee. Plaintiff's claim does not suggest that he is in imminent danger of serious physical harm.  Accordingly, plaintiff may proceed in this action only if he pays the filing fee of $350.00 that is charged for filing a civil rights complaint under 42 U.S.C.

---

[1] Plaintiff has filed cases under different names, including Daniel Joseph Kirwan, Michael Duane Pyle, Daniel Joseph Parrish, Daniel Parrado, and Daniel Parrish-Parrado. The cases identified as the basis of this order are Case No. 92-3357, *Kirwan v. Larned Mental Health*, 816 F. Supp. 672 (D. Kan. 1993)(dismissing as legally frivolous plaintiff's claims that officials' continued use of his former legal name, under which he was convicted, violated his constitutional rights); Case No. 91-3217, *Kirwan v. Huggins*, 1991 WL 158842 (dismissing as frivolous plaintiff's claim of excessive heat and lack of electric fan); and Case No. 88-3416, *Kirwan v. Appel*, 1988 WL 142902 (dismissing for failure to state a claim plaintiff's allegations of denial of use of a typewriter, writing table, and chair, and allegations that defendant corrections employees sabotaged a cell house and criminally defamed plaintiff).

§ 1983.

IT IS, THEREFORE, BY THE COURT ORDERED that plaintiff is granted thirty (30) days from the date of this Order to submit the $350.00 filing fee. The failure to pay the full filing fee by that time will result in the dismissal of this action without prejudice.

IT IS FURTHER ORDERED plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is denied.

A copy of this order shall be transmitted to the plaintiff.

**IT IS SO ORDERED.**

Dated at Topeka, Kansas, this 12th day of April, 2011.

    S/ Sam A. Crow
    SAM A. CROW
    United States Senior District Judge